John M. Farrell (Cal. Bar. No. 99649)
farrell@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Jonathan E. Singer (Cal. Bar No. 187908)
singer@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Plaintiff and
Third-Party Defendants

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MYCONE DENTAL SUPPLY CO., INC., D/B/A KEYSTONE RESEARCH & PHARMACEUTICAL, a New York Corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CREATIVE NAIL DESIGN, INC., a California corporation,<br><br>　　　　　　　Defendant.<br><br>YOUNG NAILS, INC., CACEE, INC. AND NAIL SYSTEMS INTERNATIONAL,<br><br>　　　　　　　Third-Party Defendants. | Case No. 3:12-cv-00747-RS<br><br>**PLAINTIFF AND THIRD-PARTY DEFENDANTS' OBJECTION, PURSUANT TO LOCAL RULE 7-3(D)(1), TO NEW EVIDENCE SUBMITTED BY CND IN ITS CLAIM CONSTRUCTION REPLY BRIEF** |

## I.　INTRODUCTION

Pursuant to Local Rule 7-3(d)(1), which authorizes an opposing party to file an objection to evidence submitted for the first time in a reply brief, Keystone and Third-Party Defendants

(collectively, "Keystone") object to new evidence submitted by CND in its Claim Construction Reply Brief, (*see* Doc. No. 113). With its Reply Brief, CND submitted new evidence in the form of a belated declaration from its expert, Dr. Stephen Spiegelberg, (*see* Doc. No. 113-3). Much of Dr. Spiegelberg's declaration does not come in the form of rebuttal to arguments made in Keystone's Responsive Claim Construction Brief, but is late-disclosed evidence that CND should have raised in its Opening Brief. This untimely disclosure is plainly improper, and Keystone thus respectfully requests that such evidence be disregarded.

## II.     OBJECTION

In the parties' Joint Claim Construction Statement, CND identified Dr. Spiegelberg as an expert who "may provide testimony" regarding how a person of ordinary skill in the art would construe the terms "polymerizable polyol modified (meth)acrylate resin" and "methacrylate urethane resin." (*See* Doc. No. 88.) On January 18, 2012, CND filed its Opening Claim Construction Brief in support of its proposed constructions. (*See* Doc. No. 98.) Although submitting an attorney declaration and numerous exhibits purporting to support CND's position that the claim terms are not indefinite and that its proposed constructions are correct, CND elected not to submit a declaration from Dr. Spiegelberg. (*See id.*)

It was not until CND's recently filed Reply Brief—after Keystone filed its Responsive Brief and after Keystone submitted the declaration of its own expert, Dr. Christopher Bowman—that CND submitted a lengthy declaration from Dr. Spiegelberg. (*See* Doc. No. 113-3.) Although portions of Dr. Spiegelberg's declaration attempt to rebut Keystone's positions with respect to background issues about polymers and resins, (*see id.* ¶¶ 16-21), Dr. Spiegelberg also takes numerous positions regarding CND's proposed constructions and the definiteness of the asserted claims that should have been disclosed along with CND's Opening Claim Construction Brief, but which CND decided to withhold until filing its Reply Brief, (*see, e.g., id.* ¶¶ 14, 15, 22-25, 27-31, 34, 36, 38, 40-45, 47-48).

For example, Dr. Spiegelberg opines that certain examples listed in the patent-in-suit support CND's construction because they "would be understood by a person or [sic] ordinary skill

in the art to meet" CND's proposed construction.  (*Id.* ¶ 23; *see also id.* ¶¶ 27-30 (opining that certain publications support CND's proposed construction).)  He also concludes numerous times that the terms in dispute are not indefinite and that CND's proposed constructions are correct.  (*See id.* ¶ 31 ("Polyol modified (meth)acrylate resins have known chemical structures that include methacrylate group(s) and at least two hydroxyl residues."); *id.* ¶ 32 ("[I]n my opinion, those of ordinary skill in the art would have no trouble understanding the meaning and scope of the term "polymerizable polyol modified (meth)acrylate resin"); *id.* ¶ 34 ("[A] person of ordinary skill in the art would understand the term 'polymerizable polyol modified (meth)acrylate resin' to mean 'a resin capable of being polymerized comprising a monomer, oligomer or polymer with at least one acrylate or methacrylate group and at least two hydroxyl residues.").)  This evidence is not proper rebuttal to Keystone's response brief, but is new evidence that could have been raised—and should have been raised—in CND's opening brief.

Keystone stated its positions regarding the disputed terms, including its position regarding indefiniteness, prior to CND's opening claim construction brief.  (*See* Doc. Nos. 88, 94.)  Thus, there is no reason for CND to have delayed submitting Dr. Spiegelberg's declaration until filing its reply, other than to gain an unfair tactical advantage.  CND should not be permitted to do this, and the new evidence should be disregarded.  *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (finding that a court may refuse to consider new evidence submitted with a reply brief); *see also Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) ("Defendants' attempt to introduce new evidence in connection with their reply papers is improper.")

### III.   CONCLUSION

For the foregoing reasons, Keystone objects to CND's late-disclosed evidence in support of its claim constructions and respectfully requests that the Court disregard that evidence.

Dated: February 26, 2013                    FISH & RICHARDSON P.C.

By: *s/Jonathan E. Singer*
    John M. Farrell (Cal. Bar. No. 99649)
    farrell@fr.com
    500 Arguello Street, Suite 500
    Redwood City, CA 94063
    Telephone: (650) 839-5070
    Facsimile: (650) 839-5071

    Jonathan E. Singer (Cal. Bar. No. 187908)
    singer@fr.com
    12390 El Camino Real
    San Diego, CA 92130
    Telephone: (858) 678-5070
    Facsimile: (858) 678-5099

Attorneys for Plaintiff and Third-Party Defendants