| | |
|---|---|
| FISH & RICHARDSON P.C.<br>John M. Farrell (Cal. Bar. No. 99649)<br>farrell@fr.com<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br>Telephone: (650) 839-5070<br>Facsimile: (650) 839-5071<br><br>FISH & RICHARDSON P.C.<br>Jonathan E. Singer (Cal. Bar. No. 187908)<br>singer@fr.com<br>12390 El Camino Real<br>San Diego, CA 92130<br>Telephone: (858) 678-5070<br>Facsimile: (858) 678-5099<br><br>Attorneys for Plaintiff and<br>Counterclaim Defendants | VENABLE LLP<br>ADAM R. HESS (*pro hac vice*)<br>arhess@venable.com<br>CHRISTOPHER T. LA TESTA (*pro hac vice*)<br>ctlatesta@venable.com<br>575 7th Street N.W.<br>Washington, D.C. 20004<br>Telephone: (202) 344-4547<br>Facsimile: (202) 344-8300<br><br>FREITAS TSENG & KAUFMAN LLP<br>CRAIG KAUFMAN (SBN 159458)<br>ckaufman@ftklaw.com<br>100 Marine Parkway, Suite 200<br>Redwood Shores, CA  94065<br>Telephone:  (650) 730-5557<br><br>Attorneys for Defendant<br>CREATIVE NAIL DESIGN, INC. |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MYCONE DENTAL SUPPLY CO., INC., D/B/A KEYSTONE RESEARCH & PHARMACEUTICAL,<br><br>Plaintiff,<br><br>v.<br><br>CREATIVE NAIL DESIGN, INC.,<br><br>Defendant.<br><br><br>AND RELATED COUNTERCLAIM. | Case No. 3:12-cv-00747-RS<br><br>**STIPULATION AND ORDER GOVERNING E-DISCOVERY** |

IT IS HEREBY STIPULATED AND AGREED, by and between the parties and by their respective undersigned counsel, subject to the approval of the Court, that the following provisions

shall govern procedures for discovery of electronically-stored information ("ESI") in the above-captioned action.

I.  **General Provisions**

   **A. Preservation of Discoverable Information.** A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control.

   i.  Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.

   ii. Absent a showing of good cause by the requesting party, the categories of ESI identified in Schedule A attached hereto need not be preserved.

   **B. Attorney-Client Privilege and Work Product Protection**.

   i.  Within 45 days of the entry of this Order, the parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

   ii. Absent a showing of good cause by the requesting party, with respect to information generated after the filing of the complaint, the parties are not required to include any such information in privilege logs.

        iii.    Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

        iv.    Pursuant to Fed. R. Evid. 502(d), the inadvertent production of privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding. Information that contains privileged matter or attorney work product shall be immediately returned to the producing party if it is clear on its face that it was inadvertently produced, or if written notice is provided by the producing party within 5 business days of the producing party learning of the inadvertent production.

        v.    The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

**II.**    **Specific E–Discovery Issues**

    **A.**    **On-site inspection of electronic media.**  Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

    **B.**    **Search methodology.**  If the producing party elects to use search terms to locate potentially responsive ESI (including e-mail), it shall disclose the search terms to the requesting party. A requesting party may request no more than 10 additional terms to be used in connection with the electronic search within 10 days after receiving the producing party's list of search terms. One set of search terms, per producing party, shall be used with respect to both this matter and the ongoing litigation in the U.S. District Court for the District of New Jersey, captioned as *Mycone*

*Dental Supply Co., Inc. d/b/a Keystone Research & Pharmaceutical v. Creative Nail Design, Inc. et al.*, Case No. 1:11-cv-04380-JBS-KMW ("the New Jersey Case").

In addition, for good cause shown, a requesting party may request additional search terms outside of the 10-day period. The parties will meet and confer within 5 days of the request to discuss any such additional search terms. If the parties cannot agree to the additional search terms, either party shall have the option of moving the Court for resolution of the outstanding issues. With respect to the additional terms, focused terms, rather than over-broad terms shall be employed. The additional search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants or up to 3 synonyms (e.g. "automobile" or "auto" or "car") of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. If the additional search terms result in an unreasonable number of documents to be reviewed and/or produced, the parties shall confer in order to revise the additional search terms.

**C.    ESI custodians and collection.** Absent a showing of good cause by the requesting party, each party shall collect and produce ESI from a minimum of 10 custodians total in this matter and the New Jersey Case. The parties may jointly agree to modify this limit without the Court's leave. Within 14 days of entry of this Order, the parties shall confer regarding the appropriate custodians from whom to collect documents. Consistent with the Federal Rules of Civil Procedure,

nothing in this Order shall bar a party from requesting another party to search for ESI from a particular custodian beyond the custodians identified under this Section based on a showing of good cause.

For each custodian, the parties shall collect from all reasonably accessible data sources within the party's possession, custody or control specifically associated with that custodian, including, without limitation, the custodian's email files (whether located on an email server, the custodian's local hard drive, or in other archive or server locations), electronic files from the custodian's hard drive(s), and electronic files from any server location(s) specifically assigned for use by the custodian. Absent a showing of good cause by the requesting party, the parties shall not be obligated to conduct enterprise-wide searches for all emails to or from any of their identified custodians. Absent a showing of good cause by the requesting party, the parties shall not be obligated to collect ESI from backup tapes, but shall be obligated to maintain such non-duplicative backup tapes in the event a showing of good cause is made.

Each party shall inquire with its identified custodians about the existence of any general company document sources or repositories (both electronic and hardcopy) that may contain relevant documents. With respect to any such source identified, the party shall collect and produce documents from those sources in conformance with the provisions herein. Absent a showing of good cause by the requesting party, the parties are not obligated to collect from shared ESI sources that are accessible to the custodian and other employees (such as shared directories or company databases to which the custodian has access) if the custodian does not identify the shared source as one that may contain relevant documents.

Once collected, ESI may be de-duplicated prior to keyword searching. De-duplication may include (1) de-duplication across the data set without regard to custodian ("exact de-duplication"), and (2) de-duplication of email files that are portions of longer email chains ("near de-

duplication"). If a party employs near de-duplication, it will (i) review all portions of any email chain for responsiveness and privilege, (ii) produce all non-privileged portions of an email chain if any embedded email contained in the chain is responsive, and (iii) redact only those portions of a responsive email chain that are privileged or otherwise subject to redaction under the terms of this agreement.

**D.　Format.** ESI and non-ESI shall be produced to the requesting party as text-searchable image files (e.g., TIFF). When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting. The parties shall produce their information in the following format: single page TIFF images and associated multi-page text files containing extracted text or OCR with Concordance and Opticon load files.

**E.　Native files.** Absent a showing of good cause by the requesting party, the only files that should be produced in native format are files not easily converted to image format, such as Excel and Access files.

**F.　Metadata files.** The parties are not obligated to provide metadata except upon request by the receiving party and upon a showing of good cause. Upon such request and with good cause shown, the following metadata need only be produced, to the extent such metadata exists: Custodian, File Path, Email Subject, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

**G.　Financial and Marketing Materials.** Absent a showing of good cause by the requesting party, the parties agree to the production of final, rather than draft, marketing, licensing, and/or financial materials. The parties also agree to the initial production of summary financial materials in lieu of all invoices, receipts, purchase orders, etc.

SO STIPULATED:

Dated: March 15, 2013

| | |
|---|---|
| /s/ *Jonathan E. Singer* | /s/ *Craig R. Kaufman* |
| John M. Farrell (No. 99649) | Craig R. Kaufman (SBN 159458) |
| FISH & RICHARDSON P.C. | FREITAS TSENG & KAUFMAN LLP |
| farrell@fr.com | Email: ckaufman@ftklaw.com |
| 500 Arguello Street, Suite 500 | 100 Marine Parkway |
| Redwood City, CA 94063 | Suite 200 |
| Telephone: (650) 839-5070 | Redwood Shores, CA 94065 |
| Facsimile: (650) 839-5071 | Telephone: (650) 730-5557 |
| | |
| Jonathan E. Singer (No. 187908) | Adam R. Hess (*pro hac vice*) |
| FISH & RICHARDSON P.C. | Christopher T. la Testa (*pro hac vice*) |
| singer@fr.com | VENABLE LLP |
| 12390 El Camino Real | 575 7th Street, NW |
| San Diego, CA 92130 | Washington, DC 20004 |
| Telephone: (858) 678-5070 | (202) 344-4547 |
| Facsimile: (858) 678-5099 | arhess@venable.com |
| | ctlatesta@venable.com |
| Attorneys for Plaintiff and | |
| Third-Party Defendants | Attorneys for Defendant |
| | Creative Nail Design, Inc. |

### FILER'S ATTESTATION

I, Craig R. Kaufman, am the ECF User whose identification and password are being used to file this STIPULATION AND ORDER GOVERNING E-DISCOVERY. In compliance with General Order 45.X.B, I hereby attest that counsel for Plaintiff and Counterclaim Defendants concur in this filing.

By: */s/ Craig R. Kaufman*
Craig R. Kaufman

SO ORDERED, this __18th__ day of __March__, 2013.

_____
Richard Seeborg
United States District Court Judge

# SCHEDULE A

1. Deleted, slack, fragmented, or other data only accessible by forensics.

2. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

3. On-line access data such as temporary internet files, history, cache, cookies, and the like.

4. Data in metadata fields that are frequently updated automatically, such as last-opened dates.

5. Back-up data that are substantially duplicative of data that are more accessible elsewhere.

6. Voice messages.

7. Instant messages that are not ordinarily printed or maintained in a server dedicated to instant messaging.

8. Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.

9. Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.

10. Logs of calls made from mobile devices.

11. Server, system or network logs.

12. System-generated files or other file types not containing end user-created data.

13. Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

14. Data remaining from systems no longer in use that is unintelligible on the systems in use.