1
VENABLE LLP
ADAM R. HESS (*pro hac vice*)
2
    Email:  arhess@venable.com
CHRISTOPHER T. LA TESTA (*pro hac vice*)
3
    Email: ctlatesta@venable.com
575 7th Street N.W.
4
Washington, D.C.  20004
Telephone: (202) 344-4547
5
Facsimile: (202) 344-8300

6

FREITAS TSENG & KAUFMAN LLP
7
CRAIG KAUFMAN (SBN 159458)
    Email:  ckaufman@ftklaw.com
8
100 Marine Parkway
Suite 200
9
Redwood Shores, CA  94065
Telephone:  (650) 730-5557
10

11
Attorneys for Defendant
CREATIVE NAIL DESIGN, INC.
12

13                      UNITED STATES DISTRICT COURT

14                      NORTHERN DISTRICT OF CALIFORNIA

15                          SAN FRANCISCO DIVISION

16

17   MYCONE DENTAL SUPPLY CO., INC.,
     D/B/A/ KEYSTONE RESEARCH &
18   PHARMACEUTICAL,                              Case No.  3:12-cv-00747-RS

19                         Plaintiff,

20   vs.                                          DEFENDANT CREATIVE NAIL DESIGN,
                                                  INC.'S OPPOSITION TO KEYSTONE'S
21   CREATIVE NAIL DESIGN, INC.,                  MOTION FOR LEAVE TO FILE
                                                  SUPPLEMENTAL MATERIAL IN SUPPORT
                          Defendant.              OF KEYSTONE AND THIRD PARTY
22                                                DEFENDANTS' CLAIM CONSTRUCTION
                                                  BRIEF
23

24   AND RELATED COUNTERCLAIM

25

26

27

28

## I.      INTRODUCTION.

Pamela H. Lilley ("Ms. Lilley") is a named inventor on U.S. Patent No. 6,803,394 ("the '394 patent), the patent at issue in this case.  Ms. Lilley was identified by name in Plaintiff Mycone Dental Supply Co., Inc., d/b/a Keystone Research & Pharmaceutical's ("Keystone") Complaint filed in this action.  *See* Keystone Complaint at ¶ 13 [Dkt. No. 1].  Ms. Lilley was also identified in Keystone's Rule 26(a) Initial Disclosures as a person likely to have discoverable information.  *See* Exhibit A.  Nevertheless, Keystone did not attempt to serve discovery on Ms. Lilley, or her company, Gel Products, Inc. ("Gel Products"), during the claim construction discovery period.  Keystone waited until three months after the close of claim construction discovery to serve Ms. Lilley and Gel Products with a subpoena for documents and testimony.  Moreover, Keystone did not depose Ms. Lilley until a month after the claim construction hearing held by the Court.  Yet, Keystone now seeks to supplement its claim construction briefing, with highly redacted, objectionable, and unverified excerpts from her deposition, nearly six months after the close of claim construction discovery.

In its motion, Keystone cites no justifiable basis for its unreasonable delay, particularly when Keystone has been aware that Ms. Lilley was the inventor of the patent-in-suit for several years.  *See* Plaintiff's Motion for Leave to File Supplemental Material in Support of Keystone and Third-Party Defs.' Claim Construction Brief ("Pl.'s Mot.") [Dkt. No. 122].  Keystone provides no plausible explanation for why it could not have sought discovery from Ms. Lilley during the claim construction discovery period.

Keystone also fails to provide any good cause as to why its motion should be granted, particularly in view of the undue prejudice that the proposed supplementation will cause Defendant Creative Nail Design, Inc. ("CND").  The claim construction issues have been sub judice for more than a month.  Allowing Keystone to supplement at this late stage deprives CND of the opportunity to develop its own evidence in rebuttal or supplement its own briefs.  Granting Keystone's motion would cause severe prejudice to CND, particularly in view of the fact that Keystone deposed Ms. Lilley for more than eight hours and did not allow any time for questioning by CND.

1    Although Keystone argues that Ms. Lilley's testimony is "relevant to Keystone's claim

2    construction arguments," *see* Pl.'s Mot. at 2, the courts have firmly held that the testimony of an

3    inventor has little, if any, probative value in the context of claim construction.  More

4    significantly, the Federal Circuit has held that in view of the low probative value of such

5    testimony, inventor testimony, obtained in the context of litigation, should not be used to

6    invalidate issued claims under section 112.  Furthermore, even if Ms. Lilley's testimony were to

7    be considered, it does not support Keystone's arguments related to **indefiniteness**, and it should be

8    disregarded by the Court.

9        Therefore, Keystone's request for leave to supplement its claim construction brief should

10   be denied.

11   **II.      FACTUAL BACKGROUND**

12       On June 22, 2012, this Court **issued** a Case Management Scheduling Order setting forth

13   the following deadlines associated with the patent local rules adopted by the Northern District of

14   California.  *See* Case Management Scheduling Order, Dkt. No. 75.

15

16

| Patent Local Rule | Description | Deadline |
|---|---|---|
| 4-3 | Joint claim construction prehearing statement | November 14, 2012 |
| 4-4 | Complete claim construction discovery | December 14, 2012 |

20       With respect to the November 14, 2012 deadline, Patent Local Rule 4-3 required each

21   party to identify "any extrinsic evidence known to the party on which the party intends to rely,

22   either to support its proposed construction of the claim or to oppose any other party's proposed

23   construction of the claim, including but not limited to, as permitted by law, dictionary definitions,

24   citations to learned treatises and prior art, and testimony of percipient and expert witnesses."  Pat.

25   L.R. 4-3.  Subsequent to this disclosure, by the December 14, 2012 deadline for the completion of

26   claim construction discovery, "the parties must [have] complete[d] all discovery relating to claim

27   construction, including any depositions with respect to claim construction of any witness,

28

1    including experts, identified in the joint claim construction and prehearing statement."  *See* Patent

2    L.R. 4-4.  After the completion of claim construction discovery on December 14, 2012, the

3    parties submitted their claim construction briefs on January 22, February 8, and February 19,

4    2013, and the Court held a claim construction hearing on April 10, 2013.[1]

5            On May 7, 2013, <u>six months </u>after the joint claim construction statement was submitted,

6    <u>five months</u> after the close of claim construction discovery, and <u>a month</u> after the claim

7    construction hearing, Keystone filed the present motion to supplement its claim construction

8    briefing.  In its motion, Keystone seeks to submit the highly redacted, objectionable, and

9    unverified testimony of Ms. Lilley, one of the inventors of the '394 patent-in-suit.  Keystone has

10   been aware since well before this lawsuit was filed that Ms. Lilley was an inventor on the '394

11   patent and that her company, Gel Products, sold the '394 patent to CND in 2010.  Indeed,

12   Keystone referred to Ms. Lilley in its Complaint (*see* Dkt. No. 1 at ¶ 13) and identified her as a

13   person likely to have discoverable information in its June 28, 2012 Rule 26(a) Initial Disclosures.

14   *See* Exhibit A.  Keystone, however, provides no legitimate excuse for its delay and no good cause

15   as to why its motion should be granted, particularly in view of the undue prejudice that the

16   proposed supplementation will cause to CND.

17   **II.    ARGUMENT.**

18       **A.    keystone's motion to supplement its claim construction arguments with Ms.**
               **Lilley's deposition testimony five months after the close of claim construction**
19             **discovery and one month after the claim construction hearing is untimely and**
               **without good cause.**
20

21           On November 14, 2012, the parties submitted the Joint Claim Construction Statement

22   Pursuant to Patent Local Rule 4-3.  *See* Dkt. No. 88.  Despite Keystone's full knowledge that Ms.

23   Lilley was one of the inventors of the '394 patent, Keystone did not disclose that it would rely on

24   Ms. Lilley's testimony in the Joint Claim Construction Statement, in violation of the disclosure

25   requirements in the Patent Local Rules.  *See* Patent L.R. 4-3 (the Joint Claim Construction

26   Statement must include "an identification of any extrinsic evidence known to the party on which

27   ───────────────

28   [1] These dates were extended slightly by stipulation from the original dates in the Case
     Management Scheduling Order.  *See* Dkt. Nos. 95, 110, and 112.

1   it intends to rely either to support its proposed construction or to oppose any other party's

2   proposed construction, including, but not limited to, as permitted by law … testimony of

3   percipient and expert witnesses …").

4        Claim construction discovery closed on December 14, 2012. *See* Pl.'s Mot. at 2, Dkt. No.

5   122. Despite Keystone's full knowledge that Ms. Lilley was one of the inventors of the '394

6   patent, Keystone did not attempt to serve discovery on Ms. Lilley, or her company, Gel Products,

7   during the claim construction discovery period. Pursuant to the December 14, 2012 deadline for

8   the completion of claim construction discovery, "the parties must [have] complete[d] all

9   discovery relating to claim construction, including any depositions with respect to claim

10   construction of any witness, including experts, identified in the joint claim construction and

11   prehearing statement." *See* Patent L.R. 4-4. Keystone, however, did not serve a discovery

12   subpoena on Gel Products or Ms. Lilley until March 12, 2013, three months after the close of

13   claim construction discovery and a month after claim construction briefing was completed.

14   Moreover, Keystone noticed her deposition *after* the Claim Construction hearing was scheduled.

15   Keystone cites no justifiable basis for this unreasonable delay, particularly when Keystone was

16   aware that Ms. Lilley was the inventor of the patent-in-suit long before claim construction

17   discovery even started. *See* Pl's Compl. at 4.

18        A party's failure to abide by the disclosure timelines under the Patent Local Rules, as

19   Keystone has done, is a basis for exclusion of the evidence. *See Finisar Corp. v. DirecTV Group,*

20   *Inc.*, 424 F. Supp. 2d 896 (E.D. Tex. 2006) (striking prior art and invalidity defenses for failure to

21   timely disclose); *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,* 467 F.3d 1355, 1369

22   (Fed. Cir. 2006) (holding that the exclusion of evidence is often an appropriate sanction for the

23   failure to comply with the disclosure deadlines required by the local patent rules and the case

24   management order); *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1292 (Fed. Cir.

25   2005) (finding no abuse of discretion in exclusion of evidence on claim construction and

26   infringement not timely disclosed as required by the local patent rules and the court's scheduling

27   order). The same result is warranted here, where Keystone seeks to submit Ms. Lilley's

28   deposition testimony, not even concurrently with its responsive claim construction brief, but three

1    months *after* the filing of its responsive claim construction brief, and a month after the Court

2    heard oral argument on the parties' claim construction positions.

3         Keystone fails to provide any cause, let alone good cause, for its belated attempt to

4    supplement its claim construction brief. *See* Pl.'s Mot. There is no excuse for Keystone's

5    disclosure well-beyond the eleventh-hour. Keystone was on notice of the patent-in-suit at least as

6    early as August of 2011, when, according to Keystone's complaint, CND sent letters to a number

7    of Keystone's customers listing patents, including the patent-in-suit, of which Ms. Lilley is a

8    named inventor. *See* Complaint at 4 [Dkt. No. 1]. Keystone fails to include a legitimate word of

9    explanation in its motion as to why Keystone waited almost a year after the Case Management

10   Scheduling Order was entered and more than five months after the close of claim construction

11   discovery to depose the inventor of the patent-in-suit, or why it waited until after claim

12   construction briefing was complete to even serve Ms. Lilley with a subpoena.

13        Keystone provides no plausible explanation as to why it could not have served a subpoena

14   on Gel Products or why it could not have deposed Ms. Lilley at an earlier time. *See Green v. Blitz*

15   *U.S.A., Inc.*, Case No. 2:07-CV-372, 2008 WL 5572822, at *2 (E.D. Tex., Sept. 30, 2008)

16   (striking late supplemental reports where defendant "fail[ed] to provide the Court with any reason

17   why its delay . . . should be excused"). Keystone's purported excuse, that the parties have just

18   begun to produce documents, is misleading and unfounded because Ms. Lilley and Gel Products

19   are not parties to the present litigation. Keystone's failure to timely seek documents from Ms.

20   Lilley and Gel Products, and Keystone's failure to timely depose Ms. Lilley for claim

21   construction purposes is wholly unrelated to the parties' exchange of documents. Similarly, the

22   fact that Ms. Lilley was the first deposition in the case is irrelevant. Nothing prevented Keystone

23   from taking her deposition sooner. The stage at which the parties have progressed in general

24   discovery is irrelevant to the issue of supplementing claim construction discovery more than five

25   months after the close of claim construction discovery. Keystone has no excuse in not seeking to

26   depose Ms. Lilley during the claim construction discovery period, particularly when Keystone

27   identified Ms. Lilley as a person likely to have discoverable evidence in its Rule 26(a) Initial

28   / / /

Disclosures.  *See* Exhibit A.  Thus, Keystone's rationale for its late supplementation is improper, without good cause, and should be denied.

**A.      Keystone's supplementation of its claim construction arguments with Ms. Lilley's deposition testimony would unfairly prejudice CND.**

Keystone's disregard of the disclosure requirements in the Patent Local Rules materially prejudices CND.  Not only was Ms. Lilley's deposition taken long after claim construction discovery closed, but Keystone's counsel then proceeded to take more than eight hours to depose Ms. Lilley, leaving no time for CND to cross-examine Ms. Lilley.  *See Friskit, Inc. v. RealNetworks, Inc.,* 2005 WL 6249309, at *2 (N.D. Cal. March 22, 2005) (finding prejudice and excluding untimely opinions at claim construction because party "lost its opportunity to meaningfully depose" the witness).  Moreover, in view of the fact that the claim construction issues are <u>sub judice</u>, CND has no opportunity to take any related discovery to rebut Keystone's late-submitted evidence on claim construction, CND has no recourse to supplement its own claim construction briefs, and CND cannot re-argue its positions set forth for the Court at the claim construction hearing.

In its attempt to supplement its claim construction arguments, Keystone is seeking to bolster its arguments that claim 13 of the '394 patent is invalid based on indefiniteness, which is tantamount to asking for summary judgment of invalidity.  If the Court were to allow Keystone's supplementation and rule in favor of Keystone, thereby invalidating claim 13, CND would be severely prejudiced, having had no opportunity to respond.  By depriving CND of a full and fair opportunity to depose Ms. Lilley and to develop its own supplemental evidence in rebuttal, either by deposition or otherwise, Keystone's request for supplementation would cause severe prejudice to CND, and should be denied.  *See Young v. Brand Scaffold Servs., LLC*, Case No. 1:07-CV-917, 2009 WL 4674050 at *3 (E.D. Tex., Feb. 24, 2009 ("Disruption of the court's discovery schedule and the opponent's preparation constitutes sufficient prejudice to militate in favor of the exclusion of testimony.").

1

**B.     Ms. Lilley's deposition testimony is of little or no relevance and should not be considered by the Court.**

2

3      The Federal Circuit has consistently held that the testimony of an inventor has little, if

4  any, probative value in the context of claim construction.  *See, e.g., E-Pass Techs., Inc. v. 3Com*

5  *Corp.*, 343 F.3d 1364, 1370 n.5 (Fed. Cir. 2003) ("[T]his court has often repeated that inventor

6  testimony is of little probative value for purposes of claim construction."); *Solomon v. Kimberly-*

7  *Clark Corp.*, 216 F.3d 1372, 1379 (Fed. Cir. 2000) ("In *Markman*, we addressed the . . . issue of

8  litigation-derived inventor testimony in the context of claim construction, and concluded that such

9  testimony is entitled to little, if any, probative value.").  Here, Ms. Lilley conceived of the subject

10  matter in the patent-in-suit more than a decade ago, and her testimony would have little probative

11  value for the purposes of construing the term "polymerizable polyol modified methacrylate resin"

12  in claim 13 on the patent-in-suit.

13      Even if Ms. Lilley's testimony were probative for the purposes of claim construction,

14  Keystone takes a giant leap in logic, arguing that Ms. Lilley's testimony that she may have "made

15  up" the term "polymerizable polyol modified (meth) acrylate resin" in claim 13, renders the claim

16  indefinite.  *See* Pl.'s Mot. at 3, Dkt. No. 122.  In fact, even if Ms. Lilley "made up" the term, her

17  testimony does not support a claim of indefiniteness.   "It is well-established that the patentee can

18  act as his own lexicographer."  *Irdeto Access, Inc. v. Echostar Satellite Corp.*, 383 F.3d 1295,

19  1300 (Fed. Cir. 2004).

20

21      Moreover, it is universally held that if the claim term is amenable to construction, then the

22  term is definite.  *See Bancorp Servs., L.L.C. v. Hartford Life Ins. Co.,* 359 F.3d 1367, 1372 (Fed.

23  Cir. 2004).  Ms. Lilley's testimony utterly fails to provide any support for Keystone's arguments

24  on the issue of indefiniteness.  Keystone fails to provide any support to connect the dots between

25  Ms. Lilley possibly coining the term, "polymerizable polyol modified methacrylate resin," and

26  Keystone's indefiniteness argument.  The Federal Circuit has held that "[i]t is particularly

27  inappropriate to consider inventor testimony obtained in the context of litigation in assessing

28

validity under section 112, paragraph 2, in view of the absence of probative value of such testimony." *Solomon v. Kimberly-Clark Corp.*, 216 F.3d 1372, 1379 (Fed. Cir. 2000) (holding that district court erred in using inventor testimony to invalidate patent claims under section 112, paragraph 2); *see also Rambus Inc. v. Hynix Semiconductor Inc.,* 569 F. Supp. 2d 946, 1001 (N.D. Cal. 2008) (denying defendant's motion for summary judgment pursuant to 35 U.S.C. § 112, ¶ 2, noting that because the section 112, paragraph 2 inquiry is tied up in notions of public notice, "inventor testimony has no relevance").

Finally, Ms. Lilley's testimony was provided in response to highly objectionable questions.[2] *See* Exh. A to Pl.'s Mot at 150:14 – 151:10 (Final Lilley Deposition Transcript). Keystone's citation to Ms. Lilley's deposition testimony in its motion is further misleading in that Keystone failed to provide the full text of the relevant line of questioning, omitting portions without using ellipses, and failed to include several objections interposed by counsel for CND and Gel Products, *compare* Exh. A to Pl.'s Mot. at 149:20, 150:18 and 151:1 *with* Pl.'s Mot. at 3.  As such, Ms. Lilley's deposition testimony has little probative value, and, and therefore should be excluded.

### B.   Rule 7-3(d) does not provide a basis for Keystone's requested supplementation.

Keystone's citation to Local Rule 7-3(d) as the basis for supplementation in support of Keystone's Claim Construction Brief is improper.  Local Rule 7-3(d) only allows for the submission of supplementary material in two instances: (1) "If new evidence has been submitted in the reply [to an opposition to a motion,]" a party may serve objections to the new reply evidence; and (2) if a "relevant judicial opinion [is] published after the date the opposition [to a motion] or reply [to the opposition] was filed," the party may file a Statement of Recent Decision with the Court.  *See* L.R. 7-3(d).  Neither instance applies here.  *See, e.g., Moore v. Verizon Communications, Inc.,* 2013 WL 450365, at *4 (N.D. Cal. Feb. 5, 2013).  In *Moore,* the court

---

[2] Moreover, Ms. Lilley has not yet had the opportunity to review, verify, and sign her deposition transcript.

1  denied an intervener's motion to file a supplemental brief in support of its motion to intervene.

2  Like Keystone, the intervener cited to Local Rule 7-3(d) in order to file supplemental material in

3  support of a previous submission.  The *Moore* court held that the intervener was not "seek[ing]

4  leave to file an objection to any evidence, let alone new evidence submitted in [a] reply brief …

5  Nor does [intervener] seek leave to bring to the Court's attention a relevant judicial opinion

6  published after the date the reply was filed;" i.e., the only two instances for which a party may file

7  supplementary material under Local Rule 7-3(d).  *See id.*  Instead, the intervener was seeking to

8  file a supplemental reply brief in support of its motion to intervene, outside the scope of Local

9  Rule 7-3(d)).  Similarly, Keystone does not seek leave to file an objection nor does it provide

10  notice of a recent judicial decision.  Instead, Keystone seeks to file supplementary material

11  outside the scope of Local Rule 7-3(d), and therefore, its motion should be denied.

12  **III.**    **CONCLUSION.**

13        For the foregoing reasons, CND respectfully requests that this Court deny Keystone's

14  Motion for Leave to File Supplemental Material in Support of Keystone and Third Party

15  Defendants' Claim Construction Brief.

16  Dated: May 21, 2013                  Respectfully submitted,

17                                       FREITAS TSENG & KAUFMAN LLP

18                                       By /s/ *Craig Kaufman*
19                                          CRAIG KAUFMAN (SBN 159458)
                                            Email:  ckaufman@ftklaw.com
20                                          100 Marine Parkway, Suite 200
                                            Redwood Shores, CA  94065
21                                          Telephone:  (650) 730-5557

22                                          Adam R. Hess (pro hac vice)
                                            arhess@venable.com
23                                          Christopher T. La Testa (pro hac vice)
                                            ctlatesta@venable.com
24                                          VENABLE LLP
25                                          575 7th Street N.W.
                                            Washington, D.C. 20004
26                                          Telephone: (202) 344-4547
                                            Facsimile: (202) 344-8300
27

28                                       *Attorneys for Defendant, CREATIVE NAIL DESIGN, INC.*

CND'S OPPOSITION TO KEYSTONE'S MOTION TO
SUPPLEMENT CLAIM CONSTRUCTION BRIEFING
CASE NO. 3:12-CV-00747 RS